**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Robert Allen KENT, Defendant–
Appellant.**

**No. 12–50186.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 8, 2014.

Filed Feb. 6, 2014.

Jean–Claude Andre, Sean Peterson, Thomas Stout, Assistants U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Christopher W. Dybwad, Deputy Federal Public Defender, David Joseph Sutton,

Esquire, Koren L. Bell, Assistant Federal Public Defender, FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: KOZINSKI, Chief Judge, REINHARDT and CLIFTON, Circuit Judges.

## MEMORANDUM *

1. When a district court rejects a defendant's non-frivolous sentencing argument, it must provide a reasoned explanation for its decision. *See United States v. Trujillo,* 713 F.3d 1003, 1010–11 (9th Cir. 2013). The district court abused its discretion by failing to do so in response to Kent's assertion that the distribution enhancement shouldn't apply. *See United States v. Kimbrew,* 406 F.3d 1149, 1151 (9th Cir.2005). Because we reverse for resentencing on this ground, we need not address Kent's claim that his sentence was substantively unreasonable.

2. The district court didn't abuse its discretion by requiring Kent to participate in the Computer Monitoring Program as a condition of release. It's entirely appropriate to leave "the details of what [monitoring] technologies should be used" to the Probation Office. *United States v. Quinzon,* 643 F.3d 1266, 1274 (9th Cir.2011). If technology has changed by the time Kent is released from prison, and he believes that Probation has not met its "continuing obligation to ensure not only the efficacy of the computer surveillance methods used,

* This disposition is not appropriate for publication and is not precedent except as provided

but also that they remain reasonably tailored so as not to be unnecessarily intrusive," *id.,* he may seek relief from the district court at that time.

### REVERSED AND REMANDED